STATE of Missouri, Respondent,

v.

Marcus LEWIS, Appellant.

Marcus LEWIS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60961, 63597.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1994.

John A. Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Marcus Lewis, appeals from a judgment of conviction, after a jury trial, for first degree assault. Defendant was sentenced to imprisonment for thirty years. Defendant also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

The evidence at trial established that defendant entered, uninvited, the Nolan's apartment with a gun. The Nolans lived in defendant's neighborhood and defendant had an argument with Antwine Smith, Mrs. Nolan's son, earlier that day. Mr. Nolan grabbed the gun and pushed it upward away from his children when it fired. Mr. Nolan backed away from defendant to see if his children were alright. Defendant then shot Mr. Nolan and fled from the apartment.

Defendant first contends that the trial court erred in denying his Rule 29.15 motion alleging that he had ineffective assistance of counsel because his attorney did not call Shavonne Brown as a witness at trial. Defendant claimed that Shavonne Brown would have testified that Mr. Nolan hit defendant with a baseball bat prior to defendant shooting him.

In order to demonstrate that defense counsel was ineffective in not calling a witness, defendant must prove: 1) the witness could have been located through reasonable investigation; 2) the witness would have testified if called; and 3) the testimony of said witness would have presented a viable defense. *Harry v. State*, 800 S.W.2d 111, 115 (Mo.App.1990). Allegations in a post-conviction motion are not self-proving. *Clemmons v. State*, 795 S.W.2d 414, 416 (Mo.App.1990), *cert. denied*, 500 U.S. 907, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991). Defendant must prove the alleged grounds for relief by a preponderance of the evidence. *Id.* Mere conjecture or speculation as to the potential testimony is not sufficient to establish the required prejudice. *State v. Anderson*, 785 S.W.2d 596, 600 (Mo.App.1990).

In the present case, Shavonne Brown did not testify at the evidentiary hearing. In fact, the mother of the fifteen-year-old witness told defendant that she would not allow her daughter to testify. Also, defendant testified at trial that he did not know Shavonne Brown's address and thought that she had moved out of town. Therefore, defendant's claims as to Shavonne Brown's testimony were mere conjecture and speculation. Defendant's first point is denied.

Defendant also raises two claims of error relating to his direct appeal. No jurisprudential purpose would be served by an extended opinion on these points. Both points are denied. Rule 30.25(b).

Defendant's judgment of conviction is affirmed. The judgment denying defendant's Rule 29.15 motion is also affirmed.

REINHARD and CRIST, JJ., concur.