Christopher J. SPELLS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 69293.

Missouri Court of Appeals,
Western District.

Feb. 17, 2009.

Ruth Sanders, Kansas City, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before LISA WHITE HARDWICK, P.J., VICTOR C. HOWARD, Judge and JOSEPH P. DANDURAND, Judge.

VICTOR C. HOWARD, Judge.

Christopher Spells appeals the circuit court's order denying his Rule 29.15 [1] motion without an evidentiary hearing. In his sole point on appeal, Spells claims that the circuit court clearly erred in denying his motion without an evidentiary hearing because Spells pleaded factual allegations which would warrant relief in that he alleged that his trial counsel was ineffective for failing to object to Instruction No. 9, the State's verdict director, on the basis that there was a fatal variance between the State's information and the State's verdict director. He also alleged that his appellate counsel was ineffective for failing to raise the issue on appeal. The order of the circuit court is affirmed.

## Factual and Procedural Background

On July 30, 2002, the Lafayette County Narcotics Unit executed a search warrant for a residence at 21021 Glidden Road. The police found numerous items that are commonly used in the production of methamphetamine. As the police took inventory of the items in the house, Spells drove up to the driveway. An officer stopped Spells and took him into custody. In Spells's front seat were two bottles of iodine, which is a common ingredient in the production of methamphetamine.

The State charged Spells with one count of trafficking drugs in the first degree in violation of section 195.222.[2] In its information, the State alleged that Spells violated section 195.222 by manufacturing or producing methamphetamine. After the presentation of the evidence, the State submitted to the jury Instruction No. 9, its verdict director, which submitted the case under the theory that Spells was guilty of trafficking in the first degree because he attempted to manufacture or produce methamphetamine. The jury returned a verdict against Spells and the circuit court sentenced him to 15 years in the Missouri Department of Corrections.

Spells then filed a Rule 29.15 motion, which the circuit court dismissed as untimely. Spells appealed that order to this court, which reversed the order and remanded the case to the circuit court for a determination on the merits of Spells's claim.

On remand, the circuit court appointed counsel to file an amended Rule 29.15 motion. In the motion, Spells alleged that his trial counsel was ineffective for failing to object to the State's verdict director on the basis that there was a variance between it and the State's information. Spells also alleged that his appellate counsel was ineffective for failing to raise that issue on appeal. The circuit court denied Spells's Rule 29.15 motion without an evidentiary hearing. This appeal by Spells followed.

## Standard of Review

Appellate review of a circuit court's ruling on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether or not the circuit court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made." *Anderson v. State*, 66 S.W.3d 770, 774 (Mo.App. W.D. 2002).

## Analysis

In order to prevail on a claim of ineffective assistance of counsel, the appellant

---

1. All rule references are to Missouri Rules of Criminal Procedure, 2008, unless otherwise indicated.

2. All statutory references are to RSMo, 2000, unless otherwise indicated.

must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires "proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result." *Anderson*, 66 S.W.3d at 775. "If the [appellant] fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other and his claim of ineffective assistance of counsel must fail." *Id.*

The circuit court is not required to hold an evidentiary hearing on every Rule 29.15 motion. "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 29.15(h). However, the circuit court is required to grant an evidentiary hearing on a Rule 29.15 motion if three requirements are met: (1) the appellant must plead facts, not conclusions, which, if true, would warrant relief; (2) the facts pleaded must not be refuted by the record; and (3) the appellant must have been prejudiced. *Wainwright v. State*, 143 S.W.3d 681, 686 (Mo.App. W.D.2004). If the appellant's motion fails to satisfy all of these requirements, the circuit court may properly deny the motion without an evidentiary hearing. *Id.*

To satisfy the performance prong of the test, the appellant must identify specific acts or omissions of counsel that resulted from unreasonable professional judgment, and the circuit court must find that the acts or omissions were outside the range of competent assistance. *Peterson v. State*, 149 S.W.3d 583, 585 (Mo.App. W.D.2004). In identifying these acts or omissions, the appellant " 'must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered

adequate assistance and made all significant decisions in the exercise of professional judgment.' " *Anderson*, 66 S.W.3d at 775 (quoting *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)).

To satisfy the prejudice prong of the test, "the [appellant] 'must show a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Simmons*, 955 S.W.2d at 746). Under this prong, simply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, the appellant must show that, absent the error, there is a reasonable probability that he would have been found not guilty. *Id.*

Well-established law states that the State cannot charge a defendant with one form of an offense, but instruct the jury on a different form of that offense. *State v. Darden*, 263 S.W.3d 760, 763 (Mo. App. W.D.2008). When a crime may be committed by several methods, the method submitted in the instruction must be among those alleged in the information. *Id.* The purpose behind this rule is to provide notice to the defendant so that he may prepare an adequate defense against the State's charges. *Id.*

A variance alone, however, does not require reversal unless it is fatal. *Id.* A variance is fatal only if the variance is material and prejudicial. *Id.* A variance is material when it prevents the defendant from receiving adequate notice of the charge. A variance is prejudicial when it affects the defendant's ability to defend against the charge. *Id.*

Section 556.046, however, provides an exception to this general rule that allows the State to submit to the jury a lesser-included offense of the offense listed in its information. *State v. Collins*, 154

S.W.3d 486, 494 (Mo.App. W.D.2005). The rationale for this exception is that the defendant would have notice of any lesser-included offenses of the offense charged. *Id.*

■ Thus, to be entitled to an evidentiary hearing on his claims, Spells was required to allege facts, which were not refuted by the record, that demonstrated that (1) there was a variance between the State's information and the State's verdict director, (2) the variance was fatal because it was both material and prejudicial, and (3) his trial counsel had no reasonable strategic reason for failing to object to it.

The State charged Spells with one count of the Class A felony of trafficking in the first degree in violation of section 195.222.8. Section 195.222.8 says:

A person commits the crime of trafficking drugs in the first degree if, except as authorized by sections 195.005 to 195.425, he distributes, delivers, manufactures, produces or attempts to distribute, deliver, manufacture or produce more than thirty grams of any material, compound, mixture or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system: amphetamine, its salts, optical isomers and salts of its optical isomers; methamphetamine, its salts, optical isomers and salts of its optical isomers; phenmetrazine and its salts; or methylphenidate.

Under the plain and ordinary wording of this statute, the State can convict a person of trafficking in the first degree if he commits one of eight acts with methamphetamine: distributing, delivering, manufacturing, producing, or attempting to distribute, attempting to deliver, attempting to manufacture, or attempting to produce. The State's information stated that:

The Prosecuting Attorney of the County of Lafayette, State of Missouri,

charges that the defendant, in violation of Section 195.222, RSMo, committed the class A felony of **TRAFFICKING IN THE FIRST DEGREE**, punishable upon conviction under Section 558.011.1, RSMo, in that on or about July 30, 2002, in the County of Lafayette, State of Missouri, the defendant knowingly manufactured or produced by chemical synthesis 90 grams or more of methamphetamine.

Although the State charged Spells with trafficking in the first degree on the theory that he manufactured or produced methamphetamine, it submitted the case to the jury on the theory that Spells was guilty of trafficking in the first degree because he attempted to manufacture or produce methamphetamine. Instruction No. 9, the State's verdict director, stated:

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with the other persons with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other persons in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about July 30, 2002, in the County of Lafayette, State of Missouri, the defendant possessed iodine and/or Joseph Haskins or Angela Stevens possessed pseudoephedrine in powder form and/or red phosphorus and/or James Simpson, Shad Simpson, Lisa Dyer, or other persons possessed pseudoephedrine in powder and/or pill form and/or red phosphorus and/or iodine and/or other chemicals associated with the manufacture of methamphetamine, and

Second, that such conduct was a substantial step towards the commission of the offense of trafficking in the first degree by attempting to manufacture or produce 90 grams or more of any material, compound, mixture, or preparation containing any quantity of methamphetamine, a controlled substance, and

Third, that the defendant, Joseph Haskins, Angela Stevens, James Simpson, Shad Simpson, Lisa Dyer, and/or other persons engaged in such conduct for the purpose of committing such trafficking in the first degree,

Then you are instructed that the offense of trafficking in the first degree has occurred, and if you further find or believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that trafficking in the first degree, the defendant acted together with or aided Joseph Haskins, Angela Stevens, James Simpson, Shad Simpson, Lisa Dyer and/or other persons in committing the offense, then you will find the defendant guilty of trafficking in the first degree.

In his motion, Spells maintained that there was a fatal variance between the State's information and the State's verdict director because he was charged with violating section 195.222.8 by manufacturing methamphetamine, but the State submitted his case to the jury under the theory that he was guilty because he attempted to manufacture or produce methamphetamine. Spells conceded that an attempt to commit an offense is normally a lesser-included offense. Spells maintained, however, that, by outlawing the attempt to manufacture in section 195.222.8, the General Assembly no longer wanted the attempt to manufacture methamphetamine to be a lesser-included offense of the manufacture of methamphetamine. He claims that the General Assembly has determined that the attempt to manufacture methamphetamine and the actual manufacture of methamphetamine are two separate but equal forms of the offense of trafficking in the first degree.

Since the State could not charge someone with trafficking in the first degree on the basis that he delivered methamphetamine and then submit the case to the jury under the theory that he was guilty of trafficking because he manufactured methamphetamine, Spells reasons that the State cannot charge someone with manufacturing methamphetamine but submit the case as an issue of attempt to manufacture. In his motion, Spells also maintained that, if granted an evidentiary hearing, his attorney would testify that he had no strategic reason for failing to object to the State's verdict director.

In denying his claim, the circuit court found that, pursuant to the Supreme Court's decision in *State v. Withrow*, 8 S.W.3d 75 (Mo. banc 1999), even though the attempt to manufacture methamphetamine was included in the language of section 195.222.8, the attempt to manufacture methamphetamine was still a lesser-included offense of the substantive offense and, as a matter of law, the State was allowed to submit it to the jury. Thus, the circuit court reasoned that, if trial counsel had objected to the verdict director on the basis that it contained a variance, the circuit court would have overruled the objection. Since trial counsel cannot be ineffective for failing to raise a non-meritorious objection, the circuit court denied Spells's motion without an evidentiary hearing. The circuit court's conclusion is not clearly erroneous.

In *Withrow*, the defendant appealed his conviction of attempting to manufacture methamphetamine in violation of section

195.211, RSMo 1994. Section 195.211, RSMo 1994, said

> [I]t is unlawful for any person to distribute, deliver, manufacture, produce, or attempt to distribute, deliver, manufacture, or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

The defendant challenged the sufficiency of his conviction under the statute. 8 S.W.3d at 77. In order to determine whether or not the State made a submissible case, the Supreme Court first had to define what constitutes an "attempt" for the purposes of section 195.211. *Id.* at 78.

Prior cases had held that when a specific statute, like section 195.211, outlawed specific conduct and the attempt to do that conduct, the common law meaning of attempt governed and the State was required to show, among other things, that the defendant committed an overt act towards the commission of the offense. *Id.* When the specific statute did not specifically outlaw the attempt to commit the conduct, the State was required to bring its attempt charge under the general attempt statute in section 564.011. *Id.* This had the effect of creating two separate attempt offenses for the same offense: (1) common law attempt, where a substantive offense is defined as attempting to commit a specific offense, and (2) "substantial step" attempt where the State proceeds under section 564.011. *Id.* Under the prior cases, common law attempt was more difficult to prove because it required the State to prove that the defendant engaged in an overt act towards the commission of the offense. *Id.* In this regard, substantial step attempt was a lesser-included offense of common law attempt. *Id.*

In *Withrow,* the Missouri Supreme Court overruled those cases and held that, by outlawing an attempt to commit an offense in the same statute outlawing the completion of the offense, the General Assembly was not creating a separate attempt offense. *Id.* at 79. Rather, the General Assembly was expressing its intent that an attempt to commit that particular offense should carry the same punishment as the completion of that offense:

> Unlike the lesser punishment for the general inchoate crime of attempt to commit an offense, the legislature has chosen to impose the same punishment for attempted manufacture of methamphetamine as for the consummated crime. See sec. 195.211.2. The same is true of other statutes found both within and outside the Criminal Code where attempting the specified crime carries the same punishment as the completed crime. *The use of the word "attempt" in these various statutes is not an expression of legislative intent to create two levels of attempt to commit an offense.* Rather, the use is a signal that in those prosecutions under those particular statutes the maximum punishment was, in the words of sec. 564.011.3, "otherwise provided" for and intended to be greater than that specified in the general inchoate offense statute.

*Id.* (emphasis added) (footnote omitted).

Thus, the *Withrow* court concluded that, the General Assembly placed the attempt language in the statute outlawing the substantive offense for no other reason than to make sure that the attempt was punished at the same level as the completed offense. Accordingly, the placement of the attempt language in the statute outlawing the substantive offense did not change the fact that, for the purposes of prosecuting the offense, the State was obligated to prove the elements of attempt in section 564.011. *Id.* at 79–80. Thus, regardless of the placement of the attempt language in the substantive statute, an attempt is still

a lesser-included offense of the substantive offense.

In an attempt to distinguish *Withrow,* Spells asserts that the holding in *Withrow* should be limited to statutes where the General Assembly inserts the attempt language in the punishment section of a statute and not in the violation section of a statute. As an example for his distinction, he points to the forcible rape statute, which says:

1. A person commits the crime of forcible rape if such person has sexual intercourse with another person by the use of forcible compulsion. Forcible compulsion includes the use of a substance administered without a victim's knowledge or consent which renders the victim physically or mentally impaired so as to be incapable of making an informed consent to sexual intercourse.

2. *Forcible rape or an attempt to commit forcible rape is a felony* for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years[.]

§ 566.030 (emphasis added). Spells claims that, when a statute is written like the forcible rape statute and the attempt language is included in the punishment section, it would make sense that the General Assembly did not intend to create a new offense but merely wanted the attempt to be punished at the same level as the completed offense. When the attempt language, however, is included in the violation section of a statute, as it is in section 195.222, Spells argues that *Withrow* should not apply, and we should assume that the General Assembly wanted the attempt to commit the offense to be an alternate form of the offense. There are several problems with this argument.

First, Spells ignores the fact that, in an appendix to the *Withrow* opinion, the Supreme Court listed numerous statutes where its holding applied because the General Assembly had outlawed the attempt to commit a crime in the same statute outlawing the completed offense. 8 S.W.3d at 81–83. In the appendix, the Supreme Court listed section 195.222, the statute in this case. *Id.* at 81. This is more than enough for us to conclude that the Supreme Court intended for its holding in *Withrow* to apply to Spells's case. Thus, the Supreme Court has essentially stated that the General Assembly placed the attempt language in section 195.222 so the attempt to commit the offense would be punished at the same level as the completion of the offense.

Even ignoring this fact, Spells's distinction ignores the fact that the *Withrow* court was faced with a statute where the attempt language was in the violation section of the statute and not the punishment section. As we noted above, the *Withrow* court interpreted section 195.211, RSMo 1994, which said "it is unlawful for any person to distribute, deliver, manufacture, produce, or attempt to distribute, deliver, manufacture, or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance." This statute very clearly places the attempt language in the violation section of the statute. Thus, there is no reason to believe that the *Withrow* court wanted its holding to be limited to cases where the attempt language appeared only in the punishment section.

Furthermore, section 195.211, RSMo 1994, closely tracks the language of the statute in this case. Section 195.222 says that "A person commits the crime of trafficking drugs in the first degree if, except as authorized by sections 195.005 to 195.425, he distributes, delivers, manufactures, produces or attempts to distribute, deliver, manufacture or produce more than thirty grams [of methamphetamine.]" In

fact, given the virtually identical language of section 195.211, RSMo 1994, and section 195.222, we can find no basis upon which to distinguish the two statutes.

The circuit court was correct to conclude that, by including attempt to manufacture methamphetamine in section 195.222, the General Assembly did not intend to make the attempt to manufacture methamphetamine and the actual manufacture of methamphetamine two alternate and equal forms of trafficking in the first degree. Rather, the General Assembly meant only that it wanted the attempt to manufacture methamphetamine to carry the same punishment as the actual manufacture of methamphetamine. The attempt to manufacture methamphetamine, therefore, is still a lesser-included offense of the manufacture of methamphetamine. Accordingly, pursuant to section 556.046, the State was allowed to submit the case under the theory that Spells attempted to manufacture methamphetamine even though the State's information charged him with the actual manufacture of methamphetamine. *Collins*, 154 S.W.3d at 494. Thus, if trial counsel would have objected to the verdict director on the basis that it varied from the charge in the information, the circuit court would have overruled the objection. Since trial counsel cannot be ineffective for failing to raise a non-meritorious objection, *Glass v. State*, 227 S.W.3d 463, 473 (Mo. banc 2007), the circuit court was correct to conclude that Spells alleged no facts that would entitled him to relief.

On appeal, Spells also maintains that the circuit court erred in overruling his Rule 29.15 motion, without an evidentiary hearing, because his appellate counsel failed to claim on appeal that the circuit court plainly erred in submitting Instruction No. 9 to the jury.

The standard for a claim of ineffective assistance of appellate counsel is essentially the same as that employed for ineffective assistance of trial counsel, as set forth in *Strickland*. *Evans v. State*, 70 S.W.3d 483, 485 (Mo.App. W.D.2002). The appellant must show deficient performance of counsel and resulting prejudice. *Id.* The standard is explained in *Moss v. State*, 10 S.W.3d 508, 514–15 (Mo. banc 2000) (citation omitted):

> To support a [Rule 29.15] motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. The right to relief . . . due to ineffective assistance of appellate counsel inevitably tracks the plain error rule; *i.e.*, the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice.

In claiming that his appellate counsel was ineffective, Spells merely rehashes the same argument he made against his trial counsel. Since we have determined that, as a matter of law, the jury instruction was correct, this claim would have been frivolous. Appellate counsel cannot be ineffective for failing to raise a frivolous claim. *Glover v. State*, 225 S.W.3d 425, 429 (Mo. banc 2007). The circuit court's order denying Spells's Rule 29.15 motion, without an evidentiary hearing, is affirmed.

All concur.