Edward F. TRAMBLE, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 99220.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 24, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 5, 2013.

Application for Transfer Denied Dec. 24, 2013.

Deborah B. Wafer, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Jennifer A. Rodewald, Asst. Attorney General, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Edward Tramble ("Movant") appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Movant's sole argument is that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because his trial counsel was ineffective for failing to protect Movant's right to impeach Pastor Darries E. Rainey's ("Pastor Rainey") credibility with his prior robbery convictions while letting the State impeach Pastor Rainey's credibility. We find the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

The evidence in the underlying case showed Movant entered a church, which had been locked for the night. After an alarm sounded, the police were called to the scene and arrested Movant. The police also called Pastor Rainey, who came to the scene. Pastor Rainey later testified he did not know Movant and had not given him permission to be in the church. Pastor Rainey further testified that his office at the church had been ransacked and that stamps and some offering envelopes had been taken. Movant was subsequently searched and the police found he had a number of stamps and a pipe of the kind typically used to do drugs on his person.

Movant was then charged and convicted after a jury trial of one count of second-degree burglary, Section, 569.170 RSMo 2000,[1] one count of stealing, Section, 570.030, and one count of possession of drug paraphernalia with intent to use, Section 195.233. Movant was sentenced to twelve years of imprisonment for the burglary and a concurrent one-year term for the other two convictions. Movant's convictions and sentences were affirmed on direct appeal. *State v. Tramble*, 359 S.W.3d 542, 543 (Mo.App.E.D.2012).

Movant filed a Rule 29.15 motion for post-conviction relief. Counsel was subsequently appointed and an amended motion was filed. Movant argued in a few different ways that his trial counsel was ineffective for failing to protect Movant's right to impeach Pastor Rainey's credibility with his prior robbery convictions while letting the State impeach Pastor Rainey's credibility.

The motion court granted Movant's request for an evidentiary hearing. After an evidentiary hearing, the motion court entered findings of fact and conclusions of law. The motion court found without merit Movant's claim that his counsel was ineffective for failing to file and present a motion in limine to preclude the State from eliciting from Pastor Rainey that he had previously pleaded guilty to two counts of first-degree robbery. The motion court also found without merit Movant's contention that his counsel was ineffective for failing to object when the State asked Pastor Rainey about his convictions. The motion court noted it did not believe the outcome of the trial would have been different had Movant's trial counsel elicited Pastor Rainey's two guilty pleas instead of the State in light of the remoteness in time of the pleas. Further, the motion court noted the rule against impeachment of a party's own witness does not necessarily bar an attorney from anticipating and preempting an opponent's attempt at impeachment by having the witness explain or state the facts. The motion court also found Movant's remaining claim that his counsel was ineffective for failing to request that the court instruct the jury about the use of prior convictions in determining a witness' credibility in accordance with

1. All further statutory references are to RSMo 2000.

MAI–CR3D 310.14 was without merit. The motion court noted regardless of whether this instruction was given, counsel was free to argue the credibility of the witness based on prior guilty pleas, and the decision whether to do so was a strategic decision. In addition, the motion court noted Movant's trial counsel's decisions regarding Pastor Rainey's prior convictions were not unreasonable. Thus, the motion court denied Movant's 29.15 motion for post-conviction relief. This appeal follows.

■■■ Our review of a motion court's findings on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The findings and conclusions are only clearly erroneous if, after reviewing the entire record, we are left with the firm and definite impression a mistake has been made. *Jackson v. State*, 205 S.W.3d 282, 284 (Mo.App.E.D.2006).

In order to prevail on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result. *Spells v. State*, 277 S.W.3d 343, 345–46 (Mo.App.W.D. 2009). If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other and his claim of ineffective assistance of counsel must fail. *Id.* at 346.

In his sole point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because his trial counsel was ineffective for failing to protect Movant's right to impeach Pastor Rainey's credibility with his prior robbery convictions while letting the State impeach Pastor Rainey's credibility. We disagree.

Movant contends Pastor Rainey's credibility was key to the issue of whether he entered the church to commit a crime or just to get out of the rain. Thus, Movant claims his counsel's failure to protect his right to impeach Pastor Rainey's credibility prejudiced Movant.

■■■ Pastor Rainey testified at trial that he was alerted someone had broken into the church. He further testified that when he arrived at the church it was in a "ramshackle" condition with papers all over the place and file cabinets open and he had not left the church in such condition. In addition, he testified there was damage to the door, which was not there when he left.

Movant contends this testimony was crucial to the jury believing that Movant committed the felony of burglary rather than the misdemeanor trespassing his counsel was trying to prove.[2] Thus, Movant contends Pastor Rainey's credibility was crucial to the State. Movant maintains he was prejudiced when the prosecutor briefly asked Pastor Rainey about his guilty plea in 1993 to two counts of robbery, and Pastor Rainey acknowledged that he had pled guilty and had received probation.

At the evidentiary hearing, Movant's trial counsel testified his strategy was to show Movant only committed the misdemeanor of trespassing rather than the felony of burglary because he did not enter

---

**2.** Second-degree burglary is when a person knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein. Section 569.170. On the other hand, mere trespassing does not include the requirement of an intent to commit a crime in the premises.

the church to steal. Further, he testified he did not file a motion in limine to prevent questioning of Pastor Rainey about his previous convictions nor did he object when the State asked about the convictions because it was his strategy not to do this because he thought the convictions were too remote in time to have much of an effect on the jury's determination of Pastor Rainey's credibility. Further, Movant's trial counsel noted if the State had not done so, he still would not have introduced evidence of the convictions because he thought doing so would have caused him to lose credibility with the jury because the convictions were so remote in time. Moreover, he did not object to the State's questioning about the convictions because he thought an objection would be meritless.

We find the motion court did not clearly err in finding Movant's trial counsel was not ineffective for failing to file a motion in limine to prevent the State from inquiring into Pastor Rainey's prior convictions or for failing to object when the State questioned Pastor Rainey about his convictions.

In *State v. Spinks*, 629 S.W.2d 499, 503 (Mo.App.E.D.1981), we addressed a situation where the prosecutor exposed its witness' inconsistence on direct examination, hoping thereby to minimize its damaging impact on her credibility when the defense counsel tried to dramatically reveal it on cross-examination. We noted "such trial strategy is not anomalous, and is an accepted practice, e.g., an attorney exposes on direct examination past criminal convictions of his witness or a prosecutor discloses on direct examination the terms of his accomplice witness' plea bargain." *Id.* We concluded the state may anticipate a possible basis for impeachment and demonstrate it on direct examination. *Id.* Further, the defense may, of course, develop it on cross-examination in an effort to enhance the impeaching effect. *Id.* In

*Spinks*, we found the trial court committed no error in allowing disclosure of this evidence on direct examination. *Id.*

In this case, the State brought up Pastor Rainey's prior convictions not to impeach him, but rather in anticipation of Movant's impeachment of him. Often when a witness reveals his prior convictions on direct examination this practice is not "impeachment," *per se*, but rather "anticipatory rehabilitation" designed to take the wind out of the sails of an attack on credibility or to soften the blow of anticipated inquiries or revelations expected to be damaging to the witness' credibility. *See State v. Gregory*, 42 S.W.3d 766, 771 (Mo.App.W.D.2001).

Because the State's anticipation of impeachment was proper, any motion in limine or objection regarding this evidence would have been meritless. Thus, Movant's trial counsel could not have been ineffective for failing to pursue a motion in limine or for failing to object to the evidence.

 In addition, Movant failed to show his counsel's trial strategy was unreasonable. Moreover, we note Movant's trial counsel's strategy was reasonable in this instance because it was reasonable to believe Pastor Rainey's 1993 convictions would not have diminished his credibility and emphasizing such convictions may have alienated the jury. A strategic choice to either limit or not impeach a witness at all for fear that doing so would alienate the jury or create sympathy for the State's witnesses is a reasonable one. *Byrd v. State*, 329 S.W.3d 718, 726 (Mo.App.S.D. 2010). Further, even if another strategy would have been reasonable, it is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006).

■ With regard to Movant's argument that his trial counsel was ineffective for failing to request an instruction on the use of prior convictions in determining a witness' credibility, we find Movant suffered no prejudice. The jury was informed during voir dire that it could use prior convictions in determining the credibility of a witness. Thus, we find Movant failed to show he was prejudiced by his counsel's failure to request a jury instruction.

■ Lastly, we note even if Movant's trial counsel would have prevented the State from offering evidence of Pastor Rainey's prior convictions first, the effect would have been marginal. Pastor Rainey's testimony was a small part of the evidentiary picture. For example, Officer Joseph Morrell's testimony provided substantial evidence of Movant's guilt. Officer Morrell testified that when he searched Movant, he found a metal pipe the kind typically used to smoke drugs and several postage stamps in his pocket. Further, Pastor Rainey showed the police a credit card receipt from buying the stamps, and the receipt contained Pastor Rainey's credit card number. Thus, the evidence tended to show Movant entered the church to commit a crime.

Therefore, the motion court did not clearly err in denying Movant's Rule 29.15 motion for post-conviction relief. Point denied.

The motion court's denial of Movant's Rule 29.15 motion for post-conviction relief is affirmed.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.

---

1. All further statutory references are to RSMo Cum.Supp.2006.