

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DARNELL HOLLINGS, | ) | No. ED110767 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Stanley J. Wallach |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: March 28, 2023 |

### Introduction

Darnell Hollings ("Movant") appeals the motion court's judgment denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing.[1] Movant raises two points on appeal. In Point I, Movant argues the motion court clearly erred in denying his motion because trial counsel failed to investigate, interview, and subpoena six witnesses crucial to his defense. In Point II, Movant argues the motion court clearly erred in denying his motion because appellate counsel failed to assert on appeal the trial court erred in denying his motion to dismiss for violation of his constitutional right to a speedy trial.

Because Movant failed to prove trial counsel's strategy not to call the six witnesses to avoid additional identification of Movant was unreasonable, the motion court did not clearly err in concluding Movant did not receive ineffective assistance of trial counsel. We deny Point I.

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2018), unless otherwise indicated.

Because Movant failed to prove appellate counsel's strategy not to raise the speedy trial issue was unreasonable, the motion court did not clearly err in concluding Movant did not receive ineffective assistance of appellate counsel. We deny Point II.

We affirm.

**Factual and Procedural Background**

On September 11, 2013, in St. Louis City, Movant was charged with one count of first-degree murder, six counts of first-degree assault, six counts of armed criminal action, one count of shooting from a motor vehicle, and one count of unlawful possession of a firearm. Movant was arrested and held without bond in the St. Louis City Jail. While in custody in St. Louis City, Movant was indicted on November 13, 2013, by the St. Louis County Grand Jury on one count of first-degree assault, one count of second-degree assault, and two counts of armed criminal action. Movant remained in custody in St. Louis City pending trial in the murder case. Movant's attorneys in both cases were aware of the pending charges in both jurisdictions.

On May 23, 2016, the St. Louis City Circuit Attorney's office entered its memorandum of *noelle prosequi*, dismissing the charges against Movant in the murder case. On May 31, 2016, Movant was transferred to the St. Louis County Jail, where the St. Louis County charges were set for arraignment. On September 19, 2016, the trial court set the earliest available trial date, February 21, 2017, which was later moved to March 6, 2017, due to the unavailability of a key witness.

On December 6, 2016, Movant's trial counsel moved to dismiss, claiming a violation of Movant's right to a speedy trial. Movant made no prior demand for speedy trial or claim his speedy trial rights were violated. On January 9, 2017, the trial court heard and then denied the motion.

On March 6, 2017, the case proceeded to trial by jury. On March 7, 2017, the jury found Movant guilty on Count I, first-degree assault and Count II, armed criminal action. The jury found Movant not guilty on Count III, second-degree assault and Count IV, armed criminal action. On May 11, 2017, the trial court sentenced Movant as a prior offender to thirty years each on Count I and Count II, to run concurrently. On direct appeal, this Court affirmed Movant's conviction and sentences in *State v. Hollings*, 549 S.W.3d 539 (Mo. App. E.D. 2018).

On August 3, 2018, Movant timely filed a *pro se* Rule 29.15 motion. The motion court appointed post-conviction relief counsel who timely filed an amended motion on March 13, 2019. On June 19, 2019, the motion court held a partial evidentiary hearing where Movant testified. The hearing was continued until a later date because no witnesses subpoenaed by Movant appeared. On November 9, 2021, the motion court completed the evidentiary hearing where trial counsel and appellate counsel testified. Again, the witnesses subpoenaed by Movant failed to appear.

On June 6, 2022, the motion court issued its findings of fact and conclusions of law denying Movant's Rule 29.15 motion.

This appeal follows.

**Standard of Review**

"Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." *Tucker v. State*, 468 S.W.3d 468, 472 (Mo. App. E.D. 2015) (first citing Rule 29.15; then citing *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Watson v. State*, 520 S.W.3d 423, 428 (Mo. banc

2017) (quoting *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013)). This Court presumes the motion court's findings are correct. *Baumruk v. State*, 364 S.W.3d 518, 525 (Mo. banc 2012) (citing *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009)). We defer to "the motion court's determinations of credibility, as the motion court has a 'superior opportunity to judge the credibility of the witnesses.'" *Tate v. State*, 461 S.W.3d 15, 24 (Mo. App. E.D. 2015) (quoting *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991)).

**Discussion**

Movant claims both his trial counsel and appellate counsel were ineffective. "The standard for reviewing a claim of ineffective assistance of appellate counsel is essentially the same as that employed with trial counsel." *Edwards v. State*, 636 S.W.3d 606, 611 (Mo. App. E.D. 2021) (quoting *Hosier v. State*, 593 S.W.3d 75, 87 (Mo. banc 2019)). To prevail on a claim of ineffective assistance of counsel, Movant must prove by a preponderance of the evidence: "(1) his trial [or appellate] counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result." *Tramble v. State*, 414 S.W.3d 571, 574 (Mo. App. E.D. 2013) (citing *Spells v. State*, 277 S.W.3d 343, 345–46 (Mo. App. W.D. 2009)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018). Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013) (quoting *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002)); *see also Strickland*, 466 U.S. at 694.

There is a strong presumption "counsel acted professionally in making decisions" and "any challenged action was a part of counsel's sound trial strategy." *Barton v. State*, 432 S.W.3d 741, 749 (Mo. 2014) (quoting *Johnson v. State*, 333 S.W.3d 459, 463 (Mo. banc 2011)). Movant

4

must overcome this presumption by showing, "in light of the circumstances, counsel's actions were not reasonable trial strategy." *Tucker*, 468 S.W.3d at 473 (citing *Strickland*, 466 U.S. at 689). "Where counsel has investigated possible strategies, courts should rarely second-guess counsel's actual choices." *Barton*, 432 S.W.3d at 749 (citing *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006)). Strategic choices "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Barton*, 432 S.W.3d at 749 (quoting *Strickland*, 466 U.S. at 690). "If the movant fails to satisfy either the performance prong or the prejudice prong, we need not consider the other." *Farr v. State*, 408 S.W.3d 320, 322 (Mo. App. E.D. 2013) (citing *Sidebottom v. State*, 781 S.W.2d 791, 795–96 (Mo. banc 1989)).

*Point I: Trial Counsel Failure to Call Witnesses Crucial to Defense*

A. Party Positions

Movant argues the motion court clearly erred in denying his motion because trial counsel failed to investigate, interview, and subpoena six witnesses crucial to his defense. Movant argues trial counsel was ineffective for failing to interview these witnesses because "there was no strategic reason for failure to contact them." Movant argues trial counsel's actions prejudiced him because "but for [her] failure to interview, investigate, and subpoena each of these witnesses, there is a reasonable probability that the outcome of [Movant's] trial would have been different." Movant argues these witnesses "would have supported a viable defense" because they failed "to initially identify any of the suspects . . . ."

The State argues the motion court did not clearly err in denying Movant's motion because Movant failed to prove trial counsel's strategy of avoiding additional identifications of Movant as the assailant was objectively unreasonable, failed to obtain any testimony from the witnesses at either evidentiary hearing, and failed to prove he was prejudiced given the evidence presented

against Movant at trial. The State argues Movant's "failure to introduce sufficient supporting evidence at the evidentiary hearing is fatal to his post-conviction claim." *Taylor v. State*, 649 S.W.3d 378, 384 (Mo. App. E.D. 2022). The State asserts Movant's claim is unproven because he failed to submit any evidence demonstrating the witnesses could be located, would testify, or that their testimony would produce a viable defense, after the witnesses "did not appear or testify" at the evidentiary hearing. *Stewart v. State*, 640 S.W.3d 820, 825 (Mo. App. S.D. 2022); *see also State v. Dees*, 916 S.W.2d 287, 302 (Mo. App. W.D. 1995). The State also contends Movant's claim fails because he did not cite any authority supporting his position "counsel's strategy to avoid additional identifications of [Movant] that would undermine a misidentification defense was objectively unreasonable." *McIntosh v. State*, 413 S.W.3d 320, 328 (Mo. banc 2013).

The State finally argues Movant failed to satisfy the prejudice prong because "the record contains overwhelming evidence of guilt." *Marshall v. State*, 567 S.W.3d 283, 295 (Mo. App. E.D. 2019). The State notes the "overwhelming" evidence against Movant including: two witnesses identifying Movant in a photo lineup and at trial as the individual who struck the victim in the head with a ballpeen hammer; surveillance video showing Movant stealing the ballpeen hammer from the store; surveillance video showing Movant attacking the victim. Thus, the State argues even if all the witnesses had been called, there is no reasonable probability the results of trial would have been different.

### B. Analysis

To prove a claim of ineffective assistance for failure to investigate and call a witness, the movant must plead and show: "(1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness

would testify; and (4) the witness's testimony would have produced a viable defense." *Jones v. State*, 519 S.W.3d 879, 885 (Mo. App. E.D. 2017) (citing *Johnson*, 406 S.W.3d at 908). "Trial counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless a movant clearly establishes otherwise." *Id.* (citing *Johnson*, 406 S.W.3d at 908).

Here, trial counsel testified her trial strategy was misidentification, i.e., attempting to show Movant was never at the scene of the crime. As to the first and second factors, trial counsel testified Movant never asked her to contact any other witnesses beyond his co-defendants, and she did contact the co-defendants as Movant requested. *See Jones*, 519 S.W.3d at 885 (citing *Johnson*, 406 S.W.3d at 908). The motion court found trial counsel's testimony credible. Even though Movant testified to the contrary, we defer to the motion court's determinations of credibility. *Tate*, 461 S.W.3d at 24. Trial counsel testified she reviewed different written witness statements and police reports containing contact information for those witnesses. Trial counsel testified her strategy not to call these witnesses was because she did not want to risk an additional identification of Movant at the scene of the crime.

As to factors three and four, Movant provided no evidence on the record or argument in his brief proving the witnesses he wanted to call would testify, what these witnesses' testimony would be, or how their testimony would produce a viable defense. *See Jones*, 519 S.W.3d at 885 (citing *Johnson*, 406 S.W.3d at 908). The record shows these witnesses, subject to subpoenas, failed to appear at either evidentiary hearing. At most, Movant claims these "witnesses' failure to initially identify any of the suspects would have supported a viable defense." But, Movant's claim alone is insufficient because "[m]ere conjecture or speculation about potential testimony is not sufficient to establish the required prejudice." *Dees*, 916 S.W.2d at 302 (citing *State v. Lewis*,

872 S.W.2d 653, 654 (Mo. App. E.D. 1994)). "Movant's failure to introduce sufficient supporting evidence at the evidentiary hearing is fatal to his post-conviction claim." *Id.*; *see also Stewart*, 640 S.W.3d at 825; *Dees*, 916 S.W.2d at 302.

Movant failed to establish by a preponderance of the evidence trial counsel's performance "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney . . . ." *Tramble*, 414 S.W.3d at 574 (citing *Spells*, 277 S.W.3d at 345–46); *see also Strickland*, 466 U.S. at 687. Because Movant failed to satisfy the performance prong of *Strickland*, his ineffective assistance of trial counsel claim fails. *See Bradley v. State*, 292 S.W.3d 561, 565 (Mo. App. E.D. 2009). We need not consider the prejudice prong. *Farr*, 408 S.W.3d at 322 (citing *Sidebottom*, 781 S.W.2d at 795–96).

Thus, the motion court did not clearly err in denying Movant's Rule 29.15 motion, concluding Movant did not receive ineffective assistance of trial counsel, because trial counsel's strategy was objectively reasonable. Point I is denied.

*Point II: Appellate Counsel Failure to Assert Right to Speedy Trial*

A. Party Positions

Movant argues the motion court clearly erred in denying his motion because appellate counsel failed to assert the trial court erred in denying his motion to dismiss for violation of his right to a speedy trial. Movant argues his rights were violated because of the length of delay, the reason for delay, his assertion of his right, and the prejudice to his case. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). Movant argues he was "detained awaiting trial for over three years," and Missouri courts have held "delays longer than eight months are presumptively prejudicial." *See generally State v. Sisco*, 458 S.W.3d 304 (Mo. banc 2015); *State ex rel. McKee v. Riley*, 240 S.W.3d 720 (Mo. banc 2007). Movant asserts the State used "no reasonable diligence" to locate

him and begin proceedings for the November 13, 2013, charges. Movant contends this "lack of diligence and negligence on the part of Missouri state authorities who should have taken the initiative to locate [Movant] and proceed with the charges against him weighs against the State." *See Barker*, 407 U.S. at 531. Movant argues, "[a]lthough there is no rigid requirement regarding when a defendant must assert his right to a speedy trial, the court will weigh the timeliness of the assertion and the frequency and force of a defendant's objections." *Sisco*, 458 S.W.3d at 316. Movant asserts even though "[i]t is unclear when [he] asserted his right to a speedy trial," he asserted the right "prior to trial." Movant contends he was prejudiced because "three years elapsed in a case that hinged on eyewitness identification." Movant argues a speedy trial is designed to prevent oppressive pretrial incarceration, minimize anxiety and concern of the accused, and limit the possibility the defense will be impaired. *Barker*, 407 U.S. at 527. Movant also asserts even though Missouri courts consider prejudice as the most important factor, "a defendant's failure to demonstrate prejudice does not mean he cannot prove that his right to speedy trial has been violated." *State v. James*, 552 S.W.3d 590, 655, 657 (Mo. App. W.D. 2018). Movant argues his rights were violated, even without a strong showing of prejudice, because "there was a three-year delay that was entirely due to the negligence of the State failing to pursue the charges against Mr. Hollings while he was in custody in St. Louis City," and he "timely asserted his right to a speedy trial."

Movant asserts, "[n]o reasonable appellate strategy justified appellate counsel's failure to raise this claim on appeal" because appellate counsel stated "he did not raise the point because he did not believe there was enough evidence" of prejudice. Movant contends the *James* case holds a "strong showing of prejudice" is "not necessarily require[d]" to prove a speedy trial violation. 552 S.W.3d at 657. Thus, Movant argues appellate counsel was ineffective because "appellate

9

counsel failed to act as a reasonably competent counsel under the same or similar circumstances" and "[b]ut for appellate counsel's failure, there is a reasonable probability that the outcome of [Movant's] appeal would have been different."

The State argues the motion court did not clearly err because Movant failed to overcome the presumption appellate counsel's strategy was reasonable, and Movant failed to prove he was prejudiced. The State contends appellate counsel's strategy was reasonable because he considered the issue but believed there was insufficient evidence of timely assertion and no evidence of prejudice. The State argues because this reasonable strategy was "made after a thorough examination of the law and facts," appellate counsel's "informed decision is 'virtually unchallengeable.'" *Strickland*, 466 U.S. at 691. The State also claims Movant "waited more than three years to assert his right," and this should weigh heavily against Movant.

The State argues *James* does not make Movant's claim more viable. 552 S.W.3d at 657. The State contends "effectiveness of counsel" must be "measured by what the law is at the time" counsel acted and "a failure to anticipate a change in the law does not constitute ineffective assistance of counsel." *Collings v. State*, 543 S.W.3d 1, 12 (Mo. banc 2018). The State argues *James* was decided after the brief had been filed in Movant's case, so Movant still had to prove prejudice. *See State v. Raine*, 829 S.W.2d 506, 511 (Mo. App. W.D. 1992). The State also argues *James* is distinguishable because the underlying claim is different, there was no attempt to circumvent a potential adverse ruling by the State, the defendant promptly and repeatedly asserted his speedy trial rights, the defendant "suffered oppressive pretrial incarceration he might not otherwise have suffered," and the defendant lost "a full opportunity for concurrent sentences" constituting prejudice. 552 S.W.3d at 599–600. Thus, the State argues because appellate counsel's strategy "remains objectively reasonable" and Movant failed to prove "the claimed

10

error was so substantially serious as to create a reasonable probability that, had the issue been raised, the outcome of the appeal would have been different," the motion court did not clearly err.

## B. Analysis

"The right to a speedy trial guarantees to a criminal defendant that the State will move fast enough to assure the defendant of the early and proper disposition of the charges against him." *Edwards*, 636 S.W.3d at 611 (quoting *Giammanco v. State*, 416 S.W.3d 833, 839 (Mo. App. E.D. 2013)). "Deprivation of the right to a speedy trial is not considered *per se* prejudicial to a defendant." *Id.* Courts consider four factors in determining whether a defendant has been deprived of the right to a speedy trial: "(1) length of the delay; (2) reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant." *Id.* (quoting *Giammanco*, 416 S.W.3d at 839); *see also Barker*, 407 U.S. at 530. We use these factors to "engage in a difficult and sensitive balancing process," and "any one of the four factors is neither necessary nor sufficient to find a deprivation of the right to a speedy trial." *Edwards*, 636 S.W.3d at 611 (quoting *Barker*, 407 U.S. at 533).

### *Length of Delay*

The first factor, length of delay, "is a triggering mechanism," serving as a "prerequisite before any inquiry into the remaining factors." *Id.* (quoting *Sisco*, 458 S.W.3d at 313). Missouri courts hold a delay longer than eight months is "presumptively prejudicial." *Id.* (quoting *Sisco*, 458 S.W.3d at 313). "[T]he delay in bringing a defendant to trial is measured from the time of arrest, not from the time that the right is first asserted." *Id.* (quoting *State v. McKay*, 411 S.W.3d 295, 303 (Mo. App. E.D. 2013)).

11

Movant was arrested and charged in St. Louis City on murder charges in September 2013, but was later indicted in St. Louis County on November 13, 2013, for the crimes at issue here. Movant's trial did not begin until March 6, 2017. Thus, the over three-year delay is presumptively prejudicial because it exceeded eight months. *See id.* Accordingly, we continue to analyze the remaining factors. *See id.*

*Reason for Delay*

The second factor, the reason for the delay, is guided by the Supreme Court's analysis in *Barker*:

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstance must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Id.* at 611–12 (quoting *Barker*, 407 U.S. at 531). But, while "'delays attributable to the defendant weigh heavily against the defendant,' delays that are jointly requested by the parties are neutral factors in the analysis." *Id.* at 612 (quoting *Sisco*, 458 S.W.3d at 314). "Delays for valid reasons are justified and not weighed against the state." *State v. Ivester*, 978 S.W.2d 762, 765 (Mo. App. E.D. 1998) (citing *State v. Raine*, 829 S.W.2d 506, 512 (Mo. App. W.D. 1992)).

Here, the primary reason for delay was Movant remained in custody in St. Louis City pending trial in an unrelated murder case. "This is a justifiable reason for delay and is not weighed heavily against the State." *State v. Bolden*, 558 S.W.3d 513, 522 (Mo. App. E.D. 2016) (citing *Sisco*, 458 S.W.3d at 314); *see also Stokes v. State*, 688 S.W.2d 19, 23 (Mo. App. E.D. 1985). Within eight days of the St. Louis City Circuit Attorney's office dismissing the charges against Movant in the murder case, Movant was transferred to the St. Louis County Jail, where

the St. Louis County charges were set for arraignment. The trial court then set the earliest available trial date, February 21, 2017.

An additional delay was due to the State's request for a continuance due to the unavailability of a key witness. The trial court granted the request and moved the trial date to March 6, 2017. This continuance is justified because unavailability of a witness is a valid reason to "justify appropriate delay." *Barker*, 407 U.S. at 531; *see also Edwards*, 636 S.W.3d at 612. These reasons for delay were largely neutral and justifiable. Thus, even though these "delays are weighed against the State, we see no delay that should weigh heavily against the State due to any deliberate attempt to hamper the defense." *Bolden*, 558 S.W.3d at 522; *see also Barker*, 407 U.S. at 531.

*Assertion of Right to a Speedy Trial*

The third factor is the defendant's assertion of the right to a speedy trial. *Edwards*, 636 S.W.3d at 613 (citing *Sisco*, 458 S.W.3d at 316). "There is no rigid requirement regarding when a defendant must assert his right to a speedy trial." *Sisco*, 458 S.W.3d at 316 (citing *Barker*, 407 U.S. at 527–28). "Instead, courts will weigh the timeliness of the assertion and the frequency and force of a defendant's objections." *Id.* (citing *Barker*, 407 U.S. at 529). "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532.

Here, on September 19, 2016, the trial court set the earliest available trial date, February 21, 2017. Movant asserted his right on December 6, 2016, in a motion to dismiss months after the trial court set the case for trial. Movant did not assert a demand for speedy trial or claim his speedy trial rights were violated before the motion to dismiss. Movant's actions "contradict his present claim that his right to a speedy trial was violated." *State v. Summers*, 653 S.W.3d 155,

13

164–65 (Mo. App. W.D. 2022) (quoting *State v. Harris*, 673 S.W.2d 490, 494 (Mo. App. E.D. 1984)). Thus, this factor weighs against Movant. *See id.*

*Prejudice to Movant*

The fourth factor is prejudice to the movant because of the delay. *Edwards*, 636 S.W.3d at 613 (citing *State v. Howell*, 628 S.W.3d 750, 759 (Mo. App. E.D. 2021)); *see also Sisco*, 458 S.W.3d at 317. "Whether a delay prejudiced the defendant is evaluated in light of three concerns: '(1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired.'" *Sisco*, 458 S.W.3d at 317 (quoting *State ex rel. Garvia v. Goldman*, 316 S.W.3d 907, 912 (Mo. banc 2010)). We view the third concern "as the most serious." *Id.* (citing *Goldman*, 316 S.W.3d at 912). "Any prejudice from the delay must be actual and apparent, or at least inferable, from the record, rather than merely speculative." *Edwards*, 636 S.W.3d at 613 (quoting *Howell*, 628 S.W.3d at 759).

Here, as to the first concern, Movant's incarceration was not unduly oppressive because he was already incarcerated due to other arrests. *See Bolden*, 558 S.W.3d at 523. As to the second concern, there is no evidence or argument Movant's pretrial incarceration unduly heightened his anxiety. *See id*. As to the third concern, Movant argues he suffered prejudice because his case "hinged on eyewitness identification." Movant contends, "[t]here is clear prejudice if witnesses die or disappear during a delay." Movant then argues, "there is also clear prejudice if defense witnesses are unable to recall accurately events of the distant past." *Barker*, 407 U.S. at 527. But, as concluded by the motion court, Movant made no showing "witnesses who would have given favorable testimony at an earlier date became unavailable due to the passage of time." Additionally, Movant makes no claim the two witnesses who identified Movant as the assailant at trial were "unable to recall accurately events of the distant past." *Id.*

14

Movant only notes these two witnesses "initially identified a different individual as the perpetrator of the assault on [the victim]." The record indicates the identifications made by the two testifying witnesses were made within two months of the incident, and each witness identified Movant as the assailant. Movant makes no argument the delay in trial affected those earlier identifications.

"It is Movant's burden to present evidence of actual and particularized prejudice." *Edwards*, 636 S.W.3d at 614; *see also State v. Smith*, 491 S.W.3d 286, 308 (Mo. App. E.D. 2016). Movant's bare allegations are insufficient to show prejudice. *Edwards*, 636 S.W.3d at 614; *see also Sisco*, 458 S.W.3d at 317. Thus, "[t]he lack of evidence of prejudice weighs heavily in favor of the State." *Bolden*, 558 S.W.3d at 523 (citing *State v. Newman*, 256 S.W.3d 210, 217 (Mo. App. W.D. 2008)).

Movant further argues showing actual prejudice is not required to prove his right to speedy trial has been violated because he was presumptively prejudiced due to the three-year delay between his arrest and trial. *James*, 552 S.W.3d at 655, 657; *Barker*, 407 U.S. at 533; *Doggett v. U.S.*, 505 U.S. 647, 655–57 (1992). Movant is correct, "no one factor, including actual prejudice, is necessary to find a speedy trial violation." *Sisco*, 458 S.W.3d at 318 (quoting *Barker*, 407 U.S. at 533). But, relief is obtained through a balance of all the factors. *See id.* at 318–19. Movant is not entitled to relief by merely relying on the presumption of prejudice. *Id.* at 318.

*Balancing the Factors*

After balancing the factors, we conclude Movant's right to a speedy trial was not violated. *See Edwards*, 636 S.W.3d at 611–15; *see also Bolden*, 558 S.W.3d at 522–23. Even though the total length of delay was presumptively prejudicial, this presumption is overcome

15

when the other factors are considered. *See Edwards*, 636 S.W.3d at 611–15. No delay weighs heavily against the State due to any deliberate attempt to hamper the defense, Movant's late assertion after the trial date was set does not weigh in his favor, and Movant's lack of evidence of prejudice weighs heavily in favor of the State. So, appellate counsel was not ineffective in deciding against raising the speedy trial issue on appeal because "[f]ailing to raise a nonmeritorious claim on appeal does not constitute ineffective assistance." *Id.* at 615 (quoting *Hosier v. State*, 593 S.W.3d 75, 87 (Mo. banc 2019)).

Movant failed to establish by a preponderance of the evidence appellate counsel's performance "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney . . . ." *Tramble*, 414 S.W.3d at 574 (citing *Spells*, 277 S.W.3d at 345–46); *see also Strickland*, 466 U.S. at 687. Because Movant failed to satisfy the performance prong of *Strickland*, his ineffective assistance of appellate counsel claim fails. *See Bradley*, 292 S.W.3d at 565. We need not consider the prejudice prong. *Farr*, 408 S.W.3d at 322 (citing *Sidebottom*, 781 S.W.2d at 795–96). Thus, the motion court did not clearly err in denying Movant's Rule 29.15 motion, concluding Movant did not receive ineffective assistance of appellate counsel, because appellate counsel's strategy was objectively reasonable. Point II is denied.

### Conclusion

We affirm the judgment of the motion court.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.

16