STATE of Missouri, Appellant,

v.

Donald Eugene BROWN, Respondent.

No. WD 74114.

Missouri Court of Appeals,
Western District.

Sept. 25, 2012.

Richard M. Shields, Clinton, MO, for appellant.

Donald E. Brown, Pro Se, Versailles, MO, for respondent.

Before DIV IV: LISA WHITE HARDWICK, Presiding Judge, JAMES E. WELSH and CYNTHIA L. MARTIN, Judges.

LISA WHITE HARDWICK, Judge.

The State of Missouri appeals the circuit court's dismissal of a felony charge against Donald Brown for second-degree domestic assault. The State contends the court erred in dismissing the charge under the Uniform Mandatory Disposition of Detainers Law (UMDDL), Section 217.450 et seq., RSMo,[1] because it did not apply the current version of the statute. For reasons explained herein, we find no error and affirm the dismissal.

### FACTUAL AND PROCEDURAL HISTORY

On July 7, 2009, the State filed a felony charge of second-degree domestic assault against Brown for an incident that occurred in Henry County. The Henry County Circuit Court issued a warrant for Brown's arrest on August 3, 2009, at which time Brown was incarcerated with the Missouri Department of Corrections (DOC) on a 2004 drug-related conviction from Morgan County.

On August 4, 2009, the Henry County Sheriff's Department faxed a copy of Brown's arrest warrant to the DOC. Based on the arrest warrant, the DOC generated a document indicating that "a detainer has been placed" against Brown in favor of Henry County on the domestic assault charge. On August 12, 2009, the DOC sent a letter to the Henry County Sheriff confirming that a detainer had been placed against Brown and that Henry County would be notified prior to Brown's release from DOC custody.

On August 31, 2009, Brown was given a "Notice of Detainer," which he immediately executed and mailed to the Henry County Prosecuting Attorney and Circuit Clerk to request final disposition of the pending domestic assault charge. The request, sent by certified mail, was received by the Henry County Prosecutor's Office and the Circuit Clerk on September 8, 2009.

The State took no action to prosecute the charge in Henry County. On March 19, 2010, Brown filed a motion to dismiss based on the State's failure to bring him to trial on the domestic assault charge within 180 days of his request for final disposition on the detainer. Upon his parole release in November 2010 on the drug conviction, Brown was picked up by the Henry County Sheriff's Department pursuant to the detainer.

The circuit court held a hearing on Brown's motion to dismiss the domestic assault charge. The State argued that Brown was not entitled to relief because he failed to prove the existence of a "detainer" based on the current provisions of Section 217.450.1, RSMo Cum.Supp.2009, which went into effect on August 28, 2009. Specifically, the State contended there was no "certified copy of a warrant" and no

---

1. All statutory references are to the Revised Statutes of Missouri 2000 unless otherwise    indicated.

formal request that a detainer be lodged against Brown.

The circuit court disagreed and granted the motion to dismiss. The court found that the current version of Section 217.450.1, RSMo Cum.Supp.2009, was not in effect when Henry County faxed the warrant to the DOC on August 4, 2009. Under the prior version of Section 217.450.1, RSMo 2000, there was no requirement for a certified copy of the warrant or a formal request for detainer; the statute provided only that an inmate "may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned." *Id.* The court found that Brown complied with that provision and, therefore, the State was required to bring him to trial within 180 days of his request for final disposition of the domestic assault charge. Because the State failed to do so, the court dismissed the felony charge.

### ANALYSIS

■ On appeal, the State contends the circuit court erred in granting the motion to dismiss because it failed to apply the current version of the UMDDL. The State argues the court should have applied the more specific detainer requirements of Section 217.450.1, RSMo Cum.Supp.2009, which were in effect at the time Brown made his request for final disposition of the domestic assault charge on September 8, 2009. Whether a criminal case should be dismissed based on the UMDDL is a question of law, which this court reviews *de novo*. *State v. Sharp,* 341 S.W.3d 834, 837 (Mo.App.2011).

Under the UMDDL, an inmate can request final disposition of any untried charges when a detainer has been lodged against him. § 217.450.1. The statute protects the inmate's right to a speedy trial by allowing dismissal of any charges not prosecuted within 180 days of the request for disposition. § 217.460; see *State v. Taylor,* 298 S.W.3d 482, 503 n. 9 (Mo. banc 2009). The statutory protections are triggered by the lodging of the detainer. *Sharp,* 341 S.W.3d at 839–40; § 217.450.1. Thus, in determining whether an inmate complied with the provisions of the UMDDL, we must look at the statutory language in effect at the time the detainer was lodged. *Sharp,* 341 S.W.3d at 837.

In this case, the Henry County Circuit Court issued a warrant for Brown's arrest on a felony charge of second degree domestic assault on August 3, 2009. At that time, Brown was incarcerated by the DOC while serving a sentence on a 2004 drug-related conviction. The Henry County Sheriff's Department faxed a copy of Brown's arrest warrant to the DOC on August 4, 2009. The DOC accepted the warrant as a request for a detainer against Brown. On August 12, 2009, the DOC sent a letter confirming that a detainer had been lodged against Brown and that Henry County would be notified prior to Brown's release from DOC custody.

At the time these events occurred, Section 217.450.1 of the UMDDL provided in relevant part:

> Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned.

This provision did not include a definition for the term "detainer." However, effective August 28, 2009, the statute was amended to more specifically describe what constitutes a "detainer:"

> Any person confined in a department correctional facility may request a final

disposition of any untried indictment, information or complaint pending in this state on the basis of which a *law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that a detainer be lodged against him with the facility where the offender is confined.*

§ 217.450.1, RSMo Cum.Supp.2009 (emphasis added).

■ The State argues that the amended version of the statute should be applied in this case because Brown did not request final disposition on his detainer until September 8, 2009, after the effective date of the amendment. The State further argues that Brown failed to prove a detainer had been lodged against him under the amended statute, because there was no proof that the Henry County Sheriff's Department delivered a certified copy of a warrant to the DOC and made a formal request for a detainer. The State therefore contends the evidence was insufficient to prove the existence of a detainer, and Brown was not entitled to relief under the UMDDL.

We disagree that the amended provisions of Section 217.450.1 were applicable to Brown's motion to dismiss. The protections of the UMDDL were triggered when the Henry County Sheriff's Department faxed a copy of Brown's arrest warrant on the domestic assault charge to the DOC on August 4, 2009. The arrest warrant provided notice to the DOC that a charge was pending against Brown in Henry County. The DOC acknowledged receipt of the arrest warrant as a detainer against Brown.

The amended provisions of Section 217.450.1, RSMo Cum.Supp.2009—requiring a certified copy of the arrest warrant and a formal request for detainer—were not in effect at that time. Based on the version of the statute in effect on August 4, 2009, Brown was required to show only that a "detainer ha[d] been lodged against him" in order to invoke his rights under UMDDL. § 217.450.1. Brown satisfied that requirement by showing that Henry County faxed the DOC a copy of the arrest warrant, and the DOC acknowledged the warrant as a detainer against Brown.

■ The State relies on *Greene v. State*, 332 S.W.3d 239 (Mo.App.2010), in arguing that a warrant, standing alone, is not a detainer even under the prior version of Section 217.450.1. However, that case is easily distinguished because no law enforcement agency ever sent notice of Greene's warrant or pending charges to the DOC. Greene sent a letter to the DOC about a warrant against him in Holt County, but the DOC responded by notifying Greene that no detainer had been lodged against him by officials in Holt County. *Id.* at 244. The appeals court found that the DOC's "mere knowledge" of the warrant was insufficient to trigger the UMDDL because there was no information or request from the Holt County prosecutor or sheriff's office regarding the pending charges. *Id.* at 245–46. The court also rejected Greene's claim under the UMDDL because he failed to notify the prosecutor and the court of his request for final disposition, as required by Section 217.450.1.[2] *Id.* at 246.

---

**2.** The full text of Section 217.450.1 provides: Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned.

The request shall be in writing addressed to the court in which the indictment, information or complain is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Here, there is no dispute that Brown properly notified the Henry County Circuit Court and the prosecutor of his request for speedy disposition of the domestic assault charge. The only issue is whether a detainer was lodged against Brown when the Henry County Sheriff's Department faxed the warrant to the DOC on August 4, 2009, to provide notice of the pending charge. Based on the UMDDL provision in effect on that date, we agree with the circuit court that the DOC's receipt of such notice from law enforcement was sufficient to constitute a detainer against Brown. Accordingly, we find no error and deny the point on appeal.

## CONCLUSION

We affirm the judgment of dismissal.

All Concur.