Mark D. Pfeiffer, Chief Judge
Mr. David D. James ("James") appeals from the Judgment of the Circuit Court of Gentry County, Missouri ("trial court"), finding him guilty, following a bench trial, of the class C felony of driving while intoxicated ("DWI"). James asserts that the trial court erred in denying his motion to dismiss under the Uniform Mandatory Disposition of Detainers Law ("UMDDL"). We reverse the trial court's judgment, order that the judgment be vacated, and remand the cause to the trial court with directions to dismiss the information with prejudice.
Facts and Procedural History[1]
On July 28, 2014, the State filed an information in case number 14GE-CR00076, charging James with one count of the class B misdemeanor of DWI, § 577.010,[2] and one count of the misdemeanor of driving while license was revoked. A probable cause statement dated *594 July 12, 2014, by Gentry County Sheriff's Deputy Dustin Smith ("Deputy Smith") accompanied that information and alleged facts supporting Deputy Smith's arrest of James for DWI on July 11, 2014. James was arraigned on August 20, 2014, and entered a plea of not guilty.
A case review hearing was scheduled for September 17, 2014. James failed to appear at the scheduled hearing, and the trial court issued an arrest warrant on that date. On September 22, 2014, the trial court received from the Western Reception, Diagnostic and Correctional Center in St. Joseph, Missouri, a Verification of Incarceration which stated that James was received at the Missouri Department of Corrections ("DOC") on August 28, 2014, and had a mandatory release date of May 4, 2016, unless placed on probation or parole prior to that time.
On September 23, 2014, while James was incarcerated in the DOC, the Gentry County Sheriff's Department placed a detainer against James in case number 14GE-CR00076. On September 25, 2014, James signed a DOC Notice of Detainer, acknowledging that the detainer had been explained to him. The Notice confirmed that the DOC had received a detainer charging James with DWI and driving while revoked in case number 14GE-CR00076 from the Sheriff of Gentry County, the warrant of detention having been issued from the Gentry County Circuit Court.
On the same date, James signed an Offender's Request for Disposition of Indictment, Informations or Complaints in case number 14GE-CR00076, directed to the Gentry County prosecuting attorney. The Certification of Commitment portion of the Request directed to the Gentry County Circuit Court indicated that James had been received by the DOC on August 28, 2014, for a DWI conviction from Nodaway County, where he was serving a four-year sentence beginning on May 5, 2012, with a final discharge date of May 4, 2016. James's request for disposition of detainers in case number 14GE-CR00076 was received by the Clerk of the Gentry County Circuit Court on October 2, 2014.
The docket sheets do not reflect any further action until October 30, 2015, when the trial court scheduled a case review hearing for November 4, 2015. At the November 4 hearing, the State entered a nolle prosequi[3] and dismissed the charges in case number 14GE-CR00076. On the same day, the State filed a felony complaint under a new case number, 15GE-CR00108, charging James as an aggravated offender with the class C felony of DWI, § 577.010. The complaint alleged the same facts as alleged in the prior information charging misdemeanor DWI. Deputy Smith's July 12, 2014 probable cause statement was also filed in this subsequent proceeding.
On December 4, 2015, the State amended its felony information in case number 15GE-CR00108-01, charging James as an aggravated offender with one count of the class C felony of DWI and one count of the unclassified misdemeanor of driving while license was revoked. On December 14, 2015, James's counsel filed a motion to dismiss the charges pursuant to section 217.460 (alleged UMDDL violation), which was overruled by the trial court on February 4, 2016.
*595 On July 11, 2016, the State filed an amended felony information charging James as an aggravated and prior offender with one count of the class C felony of DWI, § 577.010, and one count of the misdemeanor of driving without a valid license. James filed a waiver of right to a jury trial on July 21, 2016. The trial court rescheduled the case for a bench trial on August 5, 2016. James failed to appear for trial, and the trial court issued a capias warrant.
On August 8, the trial court received a telephone call from the Gentry County Sheriff, who expressed concern for James's health. The trial court ordered that James be furloughed for the purpose of obtaining medical care until 9:00 a.m. on September 1, 2016, at which time he was to surrender himself to the custody of the Gentry County Sheriff. Thereafter, the trial court extended the medical furlough to 6:00 p.m. on September 7, 2016. The day after the furlough expired, the trial court scheduled trial for September 15, 2016.
At trial, James renewed his motion to dismiss, which the trial court again overruled. On November 10, 2016, the trial court entered its judgment, finding James guilty of DWI but not guilty of driving without a valid license. The trial court sentenced James to seven years in the DOC with suspended execution of sentence.
James timely appealed.
Standard of Review
"Whether a criminal case should be dismissed based on the UMDDL is a question of law which this court reviews de novo ." State v. Brown , 377 S.W.3d 619, 621 (Mo. App. W.D. 2012). Whether a defendant's Sixth Amendment right to a speedy trial was violated is also a question of law, which we review de novo . State v. Sisco , 458 S.W.3d 304, 312-13 (Mo. banc 2015).
Analysis
In James's sole point on appeal, he asserts that the trial court erred in denying his motion to dismiss in violation of his constitutional rights to due process and to a speedy trial, because the trial court exceeded its authority in violation of the UMDDL[4] and the Sixth Amendment to the United States Constitution. James points out that 399 days[5] after he filed his request for disposition of detainer, without the matter having been set for trial, the State filed a nolle prosequi in case number 14GE-CR00076 and simultaneously refiled a felony information on identical facts in case number 15GE-CR00108, with ten months elapsing after the filing of the new case before the DWI charge[6] was ultimately tried.
*596 Statutory Right to Speedy Trial under UMDDL
"The UMDDL provides for the prompt disposition of detainers based on untried state charges pending against a prisoner held within the state's correctional system." State v. Pugh , 357 S.W.3d 310, 313 (Mo. App. W.D. 2012) (internal quotation omitted). The term "detainer" is not statutorily defined, but courts have defined it as " 'a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.' " Id. (quoting Carchman v. Nash , 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985) ). "The purpose of a detainer is to put prison officials on notice that the inmate is wanted to face pending charges in another jurisdiction upon the inmate's release from prison." Id.
Under section 217.450.1 of the UMDDL, a prisoner confined in a DOC facility may request a final disposition of any untried indictment, information, or complaint pending in the state "on the basis of which a law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that a detainer be lodged against him with the facility where the offender is confined." Section 217.450.1 further provides that the request "shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment." The prisoner's request is also to be delivered to the "director,"[7] who must make certain certifications, including the offender's term of commitment, time served, and time remaining to be served, and send copies of the request and certificate by registered mail to the court and prosecuting attorney. § 217.455.
Within 180 days after the court and prosecuting attorney receive the request and certificate, pursuant to sections 217.450 and 217.455, "or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial." § 217.460. If the indictment, information, or complaint is not brought to trial within the 180-day period, "and if the court finds that the offender's constitutional right to a speedy trial has been denied, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice."[8] Id.
*597 The statutory protections of the inmate's right to a speedy trial by allowing dismissal of any charges not prosecuted within 180 days of the request for disposition are triggered by the lodging of the detainer. Brown , 377 S.W.3d at 621. The record reflects that the Sheriff of Gentry County lodged a detainer against James in case number 14GE-CR00076 on September 23, 2014. James requested disposition of the charges pending against him in case number 14GE-CR00076 to both the prosecuting attorney and the Circuit Court of Gentry County on September 25, 2014, under the provisions of the UMDDL. A verification of incarceration from the DOC was received by the trial court on September 22, 2014. James's request for disposition of detainer in case number 14GE-CR00076 was received by the circuit court on October 2, 2014. The docket sheets do not reflect any further action until October 30, 2015, when the trial court scheduled a case review hearing for November 4, 2015. The parties do not dispute that the 180-day statutory period expired on March 28, 2015.[9] Thus, as the State concedes at oral argument, irrespective of the State's entering of a nolle prosequi in case number 14GE-CR00076 on November 4, 2015 (and subsequent re-filing of the DWI charge in case number 15GE-CR00108), a UMDDL statutory violation with regard to the DWI charge has occurred.
That is not, however, the end of the analysis, for "[t]he plain language of the UMDDL mandates the dismissal of a complaint not brought to trial within 180 days unless the 180-day period is tolled, and if the court finds that the offender's constitutional right to a speedy trial has been denied." State v. McKay , 411 S.W.3d 295, 302 (Mo. App. E.D. 2013) (citation omitted) (emphasis added).
Constitutional Right to Speedy Trial
Although the UMDDL protections were applicable to the charges on which James was tried and convicted, he is not entitled to have the charges dismissed with prejudice unless his constitutional right to a speedy trial has been denied. § 217.460. "The right to a speedy trial is provided by the Sixth Amendment of the United States Constitution and article I, section 18(a) of the Missouri Constitution." Sisco , 458 S.W.3d at 313. "The federal and Missouri constitutions provide equivalent protection for a defendant's right to a speedy trial." Id. (internal quotation omitted). "Determining whether a defendant's right to a speedy trial has been violated requires a balancing of four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant resulting from the delay." Id. (citing Barker v. Wingo , 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ). None of the four factors is a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial; rather, they are related factors and must be considered together. Id. (citing Barker , 407 U.S. at 533, 92 S.Ct. 2182 ).
*598 1. Length of Delay
Missouri courts have found that a delay of more than eight months is presumptively prejudicial. Id. "If a delay was for a period of time that is presumptively prejudicial, courts then consider 'the extent to which the delay stretches beyond the bare minimum needed to trigger juridical examination.' " Id. (quoting Doggett v. United States , 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) ). "The delay in bringing a defendant to trial is measured from the time of a formal indictment or information or when actual restraints are imposed by an arrest." Id. James was arrested for DWI on July 11, 2014, and charged in case number 14GE-CR00076 on July 28, 2014. He was not brought to trial until September 15, 2016. The delay of over twenty-six months between his arrest and trial is presumptively prejudicial and this factor weighs in favor of James's claimed violation of his constitutional right to speedy trial. Therefore, we must consider whether a delay extending nearly eighteen months beyond the presumptively prejudicial threshold violated James's right to a speedy trial in light of the other factors. Id. at 313.
2. Reason for Delay
The different reasons the State provides to justify the delay are assigned different weights:
A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.
Id. at 313-14 (quoting Barker , 407 U.S. at 531, 92 S.Ct. 2182 ). "On the other hand, [d]elays attributable to the defendant weigh heavily against the defendant." Id. (internal quotation omitted).
The State did not dispute the dates and the timeline outlined in James's motion to dismiss, to-wit:
• July 28, 2014-State charged James with misdemeanor DWI in case number 14GE-CR00076;
• September 25, 2014-James requested disposition of detainer, which caused the 180-day statutory period to run;
• March 28, 2015-the 180-day statutory period expired;
• November 4, 2015-the State filed a nolle prosequi in case number 14GE-CR00076 and charged James with felony DWI in case number 15GE-CR00108.
While the prosecutor was within his authority to file a nolle prosequi and refile the charges, albeit with a felony instead of misdemeanor designation, on the same date, the dismissal of James's DWI charges delayed his case further, and we will consider that period of delay and the reason for it in examining James's speedy trial claim. Id. at 315.
It is reasonably inferable from the record that the State's conduct in dismissing and refiling the DWI charge was to circumvent a potentially unfavorable ruling that the delay violated James's UMDDL rights and constitutional right to a speedy trial[10] and, thus, was designed to hinder *599 such a ruling and to delay the ultimate trial arising from the operative facts in question. See id. "Because the State deliberately delayed trial to avoid an adverse ruling, the delay resulting from the [S]tate's nolle prosequi must be weighed heavily against the [S]tate." Id. After the new charges against James were filed, trial was set for August 5, 2016, but that trial date was rescheduled to September 15, 2016, when James failed to appear for the August 5, 2016 trial setting, causing a forty-one-day delay attributable to James. See id.
The time between James's arrest and his actual trial date was 797 days or approximately two years and two months. Forty-one days of delay are attributable to James. Four hundred five days after James filed his request for disposition of detainer, the State filed a nolle prosequi and refiled the charges. After the State nolle prossed and refiled the charges, there was a ten-month delay until trial, which delay is weighed heavily against the State. See id. at 316. Accordingly, this factor weighs in favor of James's motion.
3. Assertion of Right to Trial
"There is no rigid requirement regarding when a defendant must assert his right to a speedy trial." Id. (citing Barker , 407 U.S. at 527-28, 92 S.Ct. 2182 ). "Instead, courts will weigh the timeliness of the assertion and the frequency and force of a defendant's objections." Id. (citing Barker , 407 U.S. at 529, 92 S.Ct. 2182 ).
James filed his pro se request for disposition of detainer asserting his right to a speedy trial on September 25, 2014, two days after the Sheriff of Gentry County lodged a detainer against him, two months after he was arrested and charged. After the State entered a nolle prosequi in case number 14GE-CR00076 and refiled the DWI charge as a felony on November 4, 2015, James secured counsel, who promptly filed a motion to dismiss pursuant to section 217.460 on December 14, 2015. Trial counsel argued the motion to dismiss at a hearing on January 7, 2016. James's motion to dismiss was renewed and argued at trial. "[James] asserted his right to a speedy trial several times, which weighs in favor of finding a violation of that right." Id. at 317. Again, this factor weighs in James's favor.
4. Prejudice to the Defendant
"Whether a delay prejudiced the defendant is evaluated in light of three concerns: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired." Id. (internal quotation omitted). The third consideration is viewed by courts as the most serious. Id.
Regarding the first concern factor, James was incarcerated from September 25, 2014, the date he signed his request for disposition of detainer, until November 5, 2015, when he was released on bond the day after the State entered a nolle prosequi on the misdemeanor DWI information and filed a felony DWI complaint. James failed to appear for a bench trial on August 5, 2016, and the trial court issued a *600 capias warrant. James was taken into custody on August 8, 2016, but was granted medical furlough until September 1, 2016, and again from September 6 to September 7, 2016. At all other times, it appears James remained in the custody of the Gentry County Sheriff through trial on September 15, 2016. Thus, James was in custody for more than thirteen months without trial.
As to the second concern, "[u]ndoubtedly, anxiety and concern exist in every criminal case, but that alone does not establish prejudice where, as here, the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." Id.
As to the third concern, the record does not reflect that James's defense was impaired significantly by the delay. "He does not identify any witnesses who disappeared or otherwise became unavailable because of the delay, nor does he allege that any evidence was lost." Id. However, James did argue to the trial court that he was prejudiced because the delay prevented him from having the court consider concurrent sentences. "This loss of a full opportunity for concurrent sentences is an element of prejudice to be considered." State v. Holmes , 643 S.W.2d 282, 289 (Mo. App. W.D. 1982) (citing Smith v. Hooey , 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) ).
"[T]he presumption of prejudice 'intensifies over time,' and its importance among the other factors increases with the length of the delay." Sisco , 458 S.W.3d at 318 (quoting Doggett , 505 U.S. at 652, 112 S.Ct. 2686. "Additionally, no one factor, including actual prejudice, is necessary to find a speedy trial violation." Id. (citing Barker , 407 U.S. at 533, 92 S.Ct. 2182 ). "Accordingly, courts recognize that 'affirmative proof of particularized prejudice is not essential to every speedy trial claim,' as 'excessive delay presumptively compromises the reliability of trial in ways that neither party can prove or, for that matter, identify.' " Id. (quoting Doggett , 505 U.S. at 655, 112 S.Ct. 2686 ).
Factor-Balancing Conclusion
When balancing all of the Barker factors, this court finds that James's right to a speedy trial was violated. The two years and two months delay between James's arrest and trial, the State's use of a nolle prosequi to avoid dismissal of the original DWI charge, James's prompt assertion of his right to a speedy trial two days after the Sheriff of Gentry County lodged a detainer against him, which was two months after he was arrested and charged, and the prejudice resulting from the delay that was primarily attributable to negligent inaction by the State, all support sustaining James's motion to dismiss the charges.
Point granted.
Conclusion
We reverse the trial court's judgment, order that the judgment be vacated, and remand the cause to the trial court with directions to dismiss the information with prejudice.
Victor C. Howard and Cynthia L. Martin, Judges, concur.

To the extent the application of law is based on the evidence presented, we view the facts in the light most favorable to the judgment. State v. Sharp , 341 S.W.3d 834, 837 (Mo. App. W.D. 2011).

"[I]n determining whether an inmate complied with the provisions of the UMDDL, we must look at the statutory language in effect at the time the detainer was lodged." State v. Brown , 377 S.W.3d 619, 621 (Mo. App. W.D. 2012). A detainer was lodged against James on September 23, 2014. Therefore, all statutory references are to the Revised Statutes of Missouri 2000, as supplemented through 2013.

"A nolle prosequi is a prosecutor's formal entry on the record indicating that he or she will no longer prosecute a pending criminal charge. It results in a dismissal without prejudice unless jeopardy attaches to bar subsequent prosecution." State v. Buchli , 152 S.W.3d 289, 307 (Mo. App. W.D. 2004).

The UMDDL protects the same interest as provided in the speedy trial statute, section 545.780. However, the UMDDL applies when a defendant is serving a sentence and has other pending charges. State v. Taylor , 298 S.W.3d 482, 503 n.9 (Mo. banc 2009).

This court's calculation of the period between September 25, 2014, and November 4, 2015, is 405 days.

Although the State initially argued otherwise to the trial court and in its appellate briefing, the State's appellate counsel conceded at oral argument before this Court that the relevant "charge" for purposes of UMDDL and constitutional speedy trial analysis is the underlying DWI offense, in that the later "charged" offense (felony DWI) is nothing more than an enhanced version (for sentencing purposes) of the first "charged" offense (misdemeanor DWI) and "the enhancements of punishment under section 577.023 for DWI are not additional elements of the underlying offense-DWI." State v. Royal , 277 S.W.3d 837, 842 (Mo. App. W.D. 2009). For example, the State concedes-as it must-that had James filed his UMDDL motion to dismiss in the first DWI criminal proceeding and had it been granted, the State would have been barred by the doctrine of Double Jeopardy from bringing a subsequent DWI proceeding arising from the same operative facts, irrespective of characterization of the "charge" as a felony instead of a misdemeanor. See also State v. Feldt , 512 S.W.3d 135, 151-52 (Mo. App. E.D. 2017) (In determining for statute of limitation analysis whether a later charged offense constitutes the same offense as previously charged, the courts examine whether: (1) the later charge arises from the same operative facts; (2) the later charge is derived from the same charging statute; and (3) the later charge is nothing more than an enhanced charge of the original offense-e.g. , one is a felony and the other a misdemeanor.).

"Director" is defined as "the director of the department of corrections or his designee." § 217.010(6).

In light of J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249 (Mo. banc 2009), this court has found that the "jurisdictional" language of the UMDDL operates as a statutory bar to relief, and a trial court's error in granting relief prohibited by statute is not jurisdictional in nature. Greene v. State , 332 S.W.3d 239, 247 (Mo. App. W.D. 2010).

"The burden of proving that the 180-day limitations period under the UMDDL should be extended is on the state." State v. McKay , 411 S.W.3d 295, 302 (Mo. App. E.D. 2013). Here, the State concedes that it has not established that a tolling provision applied to this 180-day limitations period under the UMDDL. Likewise, the record does not reflect that the trial court granted "such additional necessary or reasonable time ... for good cause shown in open court, the offender or his counsel being present," or that the parties "stipulate[d] for a continuance," or that the trial court granted a continuance upon notice being given to the defendant's attorney of record with an opportunity for the defendant's attorney to be heard. § 217.460.

For example, based upon the State's argument below to the trial court, when the motion to dismiss was overruled, the trial court's docket entry erroneously concluded, "The charges filed in [the subsequent felony DWI case] are different than those pending when the disposition of detailers [sic] request was filed. The charges pending [misdemeanor DWI] when the request was filed have been dismissed." As explained previously, see n.6, enhancing the underlying offense from a "charge" of misdemeanor DWI to felony DWI does not change the elements of the "charge" (e.g. , DWI); rather, it only enhances the level of punishment for the "charge" in question. See State ex rel. Garcia v. Goldman , 316 S.W.3d 907, 910-11 (Mo. banc 2010) ("A defendant's right to a speedy trial arises under the Sixth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment ... when there is a formal indictment or information or when actual restraints [are] imposed by arrest and holding to answer a criminal charge .") (emphasis added) (footnote and internal quotation omitted).