

# IN THE MISSOURI COURT OF APPEALS
## EASTERN DISTRICT

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112931 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Washington County |
| v. | ) | Cause No. 23WA-CR00260-01 |
| | ) | |
| PHILLIP A. EMILY, | ) | Honorable Wendy W. Horn |
| | ) | |
| Respondent. | ) | Filed: September 9, 2025 |

### Introduction

The State of Missouri appeals from the trial court's judgment dismissing the criminal charges against Phillip A. Emily ("Defendant") with prejudice. The State asserts two points on appeal. Point I contends the trial court erred in dismissing the criminal charges against Defendant under the Uniform Mandatory Disposition of Detainers Law ("UMDDL") because Defendant waived his right to be tried within the UMDDL's 180-day deadline. In Point II, the State argues the trial court erred in dismissing the criminal charges against Defendant under the UMDDL because Defendant had to show a violation of his constitutional right to a speedy trial to be entitled to dismissal.[1]

---

[1] The State's points on appeal request plain error review in the event this Court finds the issues were not properly preserved. This Court finds the issues were preserved for appellate review.

Even if this Court agreed with Defendant that the UMDDL's 180-day limit was violated, the untried charges could not be dismissed with prejudice unless Defendant's constitutional right to a speedy trial was also violated. Thus, we find Point II dispositive and hold that the balancing factors set forth in *Barker v. Wingo,* 407 U.S. 514, 530 (1972) do not support a violation of Defendant's constitutional right to a speedy trial.

Accordingly, the trial court's judgment is reversed.

**Factual and Procedural History**

On February 2, 2023, Defendant was charged with one count of first-degree statutory sodomy ("Case I") for acts alleged to have occurred against a minor between May 20, 2022 and July 8, 2022. Defendant filed a motion for disposition of detainers on March 15, 2023. The State dismissed Case I without explanation on April 12, 2023. On the same day, the State filed a criminal complaint charging Defendant with 28 counts of first-degree statutory sodomy and two counts of second-degree child molestation, all involving the same victim ("Case II"). A preliminary hearing[2] was held on July 26, 2023. Five days later, the trial court[3] issued an order finding the State failed to establish probable cause and the matter was dismissed.

On August 1, 2023, the State filed a criminal complaint ("Case III") alleging identical charges as those filed in Case II. Although not reflected in the docket entries, the parties do not dispute Defendant filed a motion for disposition of detainers in Case III in August of 2023. In June of 2024, the State dismissed 21 of the 30 counts and the matter was continued to July 15, 2024. At

---

[2] The fundamental purpose and function of a preliminary hearing is "to prevent abuse of power by the prosecution, while at the same time to permit arrest and detention of an accused by means of a limited inquiry into whether there is probable cause that a felony was committed and that the accused was the offender." *State v. Washington*, 694 S.W.3d 474, 483 (Mo. App. W.D. 2024) (citation omitted).

[3] This Court notes that matters involving felonies that are not presented to a grand jury are handled by associate circuit courts from the time the complaint is filed through the preliminary hearing. Following the preliminary hearing, the defendant is bound over to the circuit court for disposition of the matter. For purposes of this appeal, we use "trial court" to refer to both the associate circuit court and the circuit court.

the July court hearing, a two-day jury trial was scheduled for February 25, 2025. On July 26, 2024, Defendant filed a "Motion to Dismiss for Non-Compliance with the Uniform Mandatory Disposition of Detainers." Following a hearing on the motion, the trial court granted the motion and dismissed the case with prejudice on September 15, 2024.[4]

This appeal follows.

## Standard of Review

Whether a criminal case should be dismissed based on the UMDDL and whether a defendant's Sixth Amendment right to a speedy trial was violated are questions of law we review *de novo*. *State v. Henry*, 568 S.W.3d 464, 478 (Mo. App. E.D. 2019).

## Discussion

### Point II

In Point II, the State argues the trial court erred in dismissing the criminal charges against Defendant under the UMDDL because Defendant failed to show a violation of his constitutional right to a speedy trial. We agree and find Point II is dispositive. Thus, we do not reach the merits of Point I.

"The plain language of the UMDDL mandates the dismissal of a complaint not brought to trial within 180 days unless the 180–day period is tolled, … *and* if the court finds that the offender's constitutional right to a speedy trial has been denied." *State v. McKay*, 411 S.W.3d 295, 302 (Mo. App. E.D. 2013) (internal citation omitted) (emphasis in original). Consequently, even if this Court finds the UMDDL's 180–day limit was violated, this Court must also find Defendant's constitutional right to a speedy trial was violated in order to affirm the dismissal of the untried charges.

---

[4] Additional facts will be provided in the analysis, as necessary, to address Defendant's points on appeal.

"The right to a speedy trial is provided by the Sixth Amendment of the United States Constitution and article I, section 18(a) of the Missouri Constitution." *State v. Sisco*, 458 S.W.3d 304, 313 (Mo. banc 2015) (citing *State v. Taylor*, 298 S.W.3d 482, 504 (Mo. banc 2009)). "The federal and Missouri constitutions provide equivalent protection for a defendant's right to a speedy trial." *Id.* (internal quotations omitted). In determining whether a defendant's right to a speedy trial has been violated, this Court must balance the four *Barker* factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant resulting from the delay." *Id.* (citing *Barker*, 407 U.S. at 530; *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 911 (Mo. banc 2010)). "The existence of any one of these factors is neither necessary nor sufficient to finding a deprivation of the right to a speedy trial." *Id.* We discuss each factor in turn.

*A. The length of delay*

"[T]he length of the delay is a triggering mechanism because, '[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors.'" *Id.* (quoting *Barker*, 407 U.S. at 530). "The delay in bringing a defendant to trial is measured from the time of a formal indictment or information or when actual restraints are imposed by an arrest." *Id.* A delay greater than eight months is "presumptively prejudicial." *Id*. This Court notes the terminology is "misleading with respect to *Barker*'s fourth prong (prejudice to the defendant)." *State v. Atchison*, 258 S.W.3d 914, 919 (Mo. App. S.D. 2008). For first-prong purposes, presumptive prejudice "raises no such fourth-prong presumption; it is just a threshold below which a court need not even consider *Barker*'s other factors." *Id*.

The State concedes this threshold was met. Therefore, we proceed to the other three factors.

4

*B. The reason for the delay*

"Different weights are assigned to the different reasons the [S]tate provides to justify the delay." *Sisco*, 458 S.W.3d at 313 (citing *Barker*, 407 U.S. at 531). The United States Supreme Court has provided guidance on how to weigh the different reasons the State provides for the delay:

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Id*. at 313–14 (quoting *Barker*, 407 U.S. at 531). In contrast, "[d]elays attributable to the defendant weigh heavily against the defendant." *Id*. at 314 (citation omitted). The following delays weigh heavily against a defendant: requesting, and being granted continuances; seeking a change of judge or venue; time defendant took to find representation; and duration for defendant's competency to be evaluated, treated, and restored. *See State v. Greenlee,* 327 S.W.3d 602, 612 (Mo. App. E.D. 2010) ("[W]here a defendant has contributed to the delay by requesting, and being granted, continuances, he cannot later successfully allege the denial of his right to a speedy trial."); *Henry*, 696 S.W.3d at 71 (finding defendant contributed to the delay by requesting continuances and seeking a change of judge and a change of venue); *State v. Oliver*, 655 S.W.3d 407, 418–20 (Mo. App. E.D. 2022) (finding delays for defendant to seek representation and for defendant's competency to be evaluated, treated, and restored were attributable to defendant and weighed heavily against him). Additionally, when a defendant acquiesces to the delays, it does not count against the State. *State v. Lewis-Jones*, 698 S.W.3d 507, 514 (Mo. App. E.D. 2024).

In analyzing to whom each delay is attributable and the weight to be given to each delay, we must consider the reasons for the dismissal and refiling of the charges in Cases I and II. *See State v. James*, 552 S.W.3d 590, 598 (Mo. App. W.D. 2018) (in determining whether defendant's

constitutional right to a speedy trial was violated, the appellate court assessed whether the State's conduct in dismissing and refiling the DWI charge was done to cause delay). Then we look at Case III to determine if there was any delay in bringing Defendant to trial after he asserted his right to a speedy trial. *See id.* at 599.

Here, Case I remained pending for 69 days (February 2 to April 12, 2023) before it was dismissed by the State. It can be reasonably inferred from the record that Case I was dismissed so the State could pursue the additional charges related to the same victim in Case II. Following the dismissal of Case I, the State immediately filed the new charges. "The State has broad discretion to dismiss and refile charges, including following an unfavorable ruling, and doing so does not, without more, raise an inference of bad faith." *Lewis-Jones*, 698 S.W.3d at 514. The charges in Case II remained pending for 111 days (April 12 to August 1, 2023). Subsequently, Case II was dismissed by the trial court due to the State's failure to meet their burden of proof at the preliminary hearing. After Case II was dismissed without prejudice, the State had the option to refile the charges and it did so. Cases I and II were dismissed for different reasons in the early stages of the proceedings and nothing in the record supports the State's actions in either of those cases were done with "a deliberate attempt to delay the trial in order to hamper the defense."[5] *See Sisco*, 458 S.W.3d at 314 (quoting *Barker*, 407 U.S. at 531).

Furthermore, after Case III commenced, the record supports the matter was moving forward. Specifically, the docket entries indicate the following:

**August 1, 2023**: The State filed a criminal complaint.

**August 2, 2023**: Counsel entered his appearance on behalf of Defendant.

---

[5] Both parties analyze the continuances that appear in the docket entries in Cases I and II and assign weight to each of those delays. This Court has reviewed those entries and does not find any of the continuances were a deliberate attempt by the State to delay trial especially in light of those cases being dismissed in the early stages of the proceedings.

**August 29, 2023**: Defendant appeared virtually and waived initial arraignment. Defendant filed a motion for bond reduction and noticed it up for September 5, 2023.

**August 31, 2023**: Defendant filed his motion for disposition of detainers.

**September 5, 2023**: Defendant appeared virtually. Defendant's bond was reduced. The matter was set for a preliminary hearing on November 22, 2023.

**November 22, 2023**: Defendant appeared in person. Defendant waived his right to a preliminary hearing and the matter was transferred to circuit court for arraignment on December 18, 2023.

**November 27, 2023**: The State filed the felony information.

**December 18, 2023**: Defendant appeared by counsel. The matter was continued to January 22, 2024 for the State to request a writ for Defendant's appearance.

**January 2, 2024:** Substitute counsel entered on behalf of Defendant.

**January 22, 2024**: Arraignment was canceled by the trial court due to inclement weather and rescheduled for February 8, 2024.

**February 8, 2024**: Defendant appeared in person and waived formal arraignment, entered a plea of not guilty, and the matter was continued to April 15, 2024 for filing of pre-trial motions.

**April 15, 2024**: Defendant appeared in person. The matter was continued for unknown reasons to June 17, 2024.

**June 17, 2024**: Defendant appeared by counsel. The State dismissed 21 of the 30 counts, and the matter was continued to July 15, 2024 for a trial date to be scheduled.

**July 15, 2024:** Defendant appeared by counsel. Defendant's counsel orally raised the issue of speedy trial and the trial court informed Defendant it would consider the issue if it was raised in a written motion. A two-day jury trial was scheduled for February of 2025.

**July 26, 2024:** Defendant filed his motion to dismiss.

The rescheduling of the January 22, 2024 arraignment due to the inclement weather is a neutral reason that does not weigh against the State or Defendant. The December 18, 2023 continuance caused a 35-day delay (from December 18, 2023 to January 22, 2024) due to the State's failure to request a writ for Defendant's appearance. Notably, Defendant does not complain

of the delay. Nevertheless, we find this delay weighs against the State, but not heavily. No reason was provided for the April 15, 2024 continuance in the docket entry, and neither party explained why the matter was "passed" even though the parties appeared in person. Continuances made by the trial court without a specified reason, do not weigh against either party. *See State v. Cothran*, 715 S.W.3d 603, 620 (Mo. App. E.D. 2025) (finding that continuances made by the trial court without a specified reason did not weigh against the defendant or the State under the reason-for-the-delay prong). The docket entries for the other continuances specified a reason for the continuance and/or explained the purpose for the next court appearance. Notwithstanding, it is apparent both parties acquiesced to the continuances as no objection from either party is cited in the record nor does Defendant assert, on appeal, that he made any objections. "When a defendant acquiesces in the delay, it does not count against the State." *Lewis-Jones*, 698 S.W.3d at 514.

Overall, the record supports that after the charges were refiled in Case III, the case moved forward in the 11 or so months before the Defendant filed his motion to dismiss. *See c.f. James*, 552 S.W.3d at 599 (finding the 26-month delay in bringing defendant to trial weighed heavily against the State where the State waited 405 days after defendant filed his request for disposition of detainer to file a *nolle prosequi* and refile the charges and, after the State refiled the charges, there was a ten-month delay until trial). The only delay attributable to the State is the 35-day delay caused by the State's failure to writ the Defendant in December of 2023. On the other hand, Defendant acquiesced to the other continuances by not making any objections, which we find weighs heavily against Defendant. Based on the foregoing, we hold this factor favors the State.

*C. The Defendant's assertion of his right*

"The third factor to be considered is whether and how the defendant asserted his right to a speedy trial." *Sisco*, 458 S.W.3d at 316. "There is no rigid requirement regarding when a defendant

must assert his right to a speedy trial." *James*, 552 S.W.3d at 599 (citation omitted). "Instead, courts will weigh the timeliness of the assertion and the frequency and force of a defendant's objections." *Sisco*, 458 S.W.3d at 316.

The record supports Defendant failed to consistently assert his right for a speedy trial. In Case I, Defendant filed a request for a speedy trial, but he took no other action to assert his right prior to the matter being dismissed. In Case II, the record is devoid of any request for a speedy trial. And, in Case III, although not reflected in the docket entries, the parties do not dispute Defendant asserted his right to a speedy trial in August of 2023. As illustrated in the timeline above, Defendant appeared before the court seven times (either in person, virtually, or by counsel) after filing his motion for disposition of detainers in August of 2023. Yet, Defendant did nothing to assert his right to a speedy trial until the July 15, 2024 hearing and, a few days later, by filing his motion to dismiss. In fact, as stated above, Defendant acquiesced to the delays in Case III, by not objecting to any of the continuances. It is well established that:

> When a defendant acquiesces to delays for a long period of time without asserting his or her speedy-trial right and then asserts the right after a trial is scheduled, or when the defendant seeks to dismiss charges for a speedy-violation before asserting the right, it appears that the defendant does not genuinely wish for a speedy trial but, rather, hopes to take advantage of the speedy-trial rules to obtain a dismissal.

*Lewis-Jones*, 698 S.W.3d at 515. Defendant's acquiescence to the continuances in Case III undermines the strength of his assertion of the right to a speedy trial. The record is clear, Defendant did not assert his right with "frequency and force." *See Sisco*, 458 S.W.3d at 316; *see also c.f. State v. Fisher*, 509 S.W.3d 747, 755 (Mo. App. W.D. 2016) (finding this factor weighed in favor of the defendant when the defendant filed the motion 180 days after his arraignment, objected to the state's requested continuance, and moved to dismiss the charges based on a violation of his right

9

to a speedy trial). Under these circumstances, the assertion-of-right factor weighs against Defendant.

        *D. The prejudice to Defendant resulting from the delay*

        "The final factor that must be considered is the prejudice suffered by the defendant as a result of the delay." *Sisco*, 458 S.W.3d at 317. "[W]hether the delay resulted in prejudice to the defendant is the most important factor." *State v. Howell*, 628 S.W.3d 750, 759 (Mo. App. E.D. 2021). In determining whether a delay has prejudiced the defendant, this Court considers the following: "(1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired." *Garcia*, 316 S.W.3d at 912. "Courts view the third consideration as the most serious." *Sisco*, 458 S.W.3d at 317.

        It is true, as Defendant asserts, that "affirmative proof of particularized prejudice is not essential to every speedy trial claim, as excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Garcia*, 316 S.W.3d at 913 (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992) (internal quotations omitted)). However, "[t]he defendant has the burden of demonstrating prejudice and '[c]laims of prejudice must be actual or apparent on the record, or by reasonable inference, while speculative or possible prejudice is not sufficient.'" *Oliver*, 655 S.W.3d at 420 (quoting *State v. Wright*, 551 S.W.3d 608, 620 (Mo. App. E.D. 2018)).

        On appeal, Defendant does not assert any actual or apparent prejudice in his argument and argues "the trial court's dismissal was proper even absent specific findings of prejudice." At oral argument, Defendant's counsel conceded this factor was the "weakest" of all the factors for his position. Counsel explained the only prejudice Defendant could assert is the "tons of anxiety" a

defendant suffers while incarcerated with untried charges pending against him. "Undoubtedly, anxiety and concern exist in every criminal case, but that alone does not establish prejudice where … the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." *Sisco*, 458 S.W.3d at 317 (citation omitted). Defendant's claim of anxiety is "not particularly heavy or more than the usual anxiety and concern felt by all incarcerated persons" and does not rise to the level of prejudice. *Oliver*, 655 S.W.3d at 421 (finding that experiencing anxiety and concern was not particular to defendant and was not sufficient to establish prejudice). We also find this argument unpersuasive in light of counsel's confirmation that Defendant was incarcerated in the Missouri Department of Corrections and serving a 10- or 15-year sentence for tampering–an unrelated conviction–while Case III was pending. For these reasons, we find Defendant's argument is insufficient to meet his burden of demonstrating he was prejudiced by the delay. Thus, the most important factor–prejudice–weighs heavily against Defendant.

Overall, only one of the four *Barker* factors, the length of delay, weighs in favor of Defendant. When balancing all the factors – the reasons for the delay, Defendant's inconsistent assertion of his right, and the absence of prejudice against the length of delay – we hold Defendant's constitutional right to a speedy trial was not violated.

## Conclusion

For the reasons stated above, we reverse the judgment of the trial court and the cause is remanded for further proceedings consistent with this opinion.

_____
Michael S. Wright, Presiding Judge

John P. Torbitzky, C.J.
and Philip M. Hess, J. concur.

11